JOHN W. FREELOVE v. REUBEN SMITH.

A person, who has acted as grand juror in prosecuting for an offence before a justice of the peace, is incompetent to try a civil action, brought to recover redress for the supposed criminal act.

This was an action of trover. On the trial in the County Court, it appeared in evidence, that, before the commencement of this suit, Isaac Wheedon, the justice of the peace, before whom this action was brought, and by whom it was tried, made a complaint, as grand juror for the town of Pittsford, against the defendant, for stealing the articles in question. The complaint was made to S. H. Kellogg, justice of the peace, and the articles were described as the property of the plaintiff. The taking and carrying away, alleged in the complaint, were the conversion, for which this action was brought. It further appeared that, when the defendant was arraigned before justice Kellogg on the complaint, above mentioned, the said Isaac Wheedon appeared in support of the complaint—argued the case, and contended before the justice, that the said Smith should be held to trial, on the said complaint. The said Reuben was, however, discharged. It also appeared, that, on the Monday after the trial of the said complaint, Wheedon said he believed defendant was guilty of taking 'Freelove's money, that justice Kellogg ought to have bound him up to the county court, and if he, Wheedon, had been the court, he should have done so, as there was proof enough for that purpose. This action was afterwards brought before the said Wheedon, as a justice of the peace. The defendant appeared before the said Wheedon, and moved to dismiss the action, for that the said justice ought not to take cognizance of the same, for the reasons before mentioned. The justice overruled the motion and the cause was

appealed by the defendant, to the County court. The defendant renewed the motion to dismiss in the county court and that court decided that the action should be dismissed—to which decision the plaintiff excepted.

——————————— for plaintiff.

1. The justice was not of counsel, nor did he act as attorney to either party.

2. Nor has he undertaken to advise or assist either party in the cause before him.

3. Nor had the justice acted as an attorney in a cause in which he had been a justice.

A justice's court is a court of limited jurisdiction, created by statute, and that statute must have a literal construction, and nothing can be inferred to curtail or enlarge the jurisdiction. *Paine* v. *Eli*, D. Chip. Rep. 39. *State* v. *Bacheldor*, 6 Vt. Rep. 484.

*S. Foot, for defendant.*

This case comes within the intent and spirit of the statute, page 131, Sec. 24. p. 63, Sec. 20, and p. 557, Sec. 4.

The opinion of the Court was delivered by

PHELPS, J.—This case was dismissed by the court below, upon the ground, that the justice, before whom the action was brought, and from whom it came up by appeal, was not competent to take jurisdiction of it.

The exception to his competency is, that he had previously acted as counsel in a cause growing out of the same transaction, and involving the same question of fact ; in short, that he had instituted a criminal prosecution, which he conducted as counsel, and then took jurisdiction of a civil suit, brought to recover for the same act, which constituted the supposed offence.

The statute, p. 131, of the revised laws, prohibits a justice of the peace from acting as counsel or attorney, in a cause, in which he has acted as justice. But it does not, in terms, prohibit his acting as justice, where he has acted as attorney.

The 20th Section of the judiciary act, page 63, prohibits the judges of the higher courts from acting as judges in cases, where they have been attorneys or of counsel.

The statute, also, prohibits State's attorneys from taking any fee or reward, from any party to a civil cause, growing out of any transaction, which occasioned a criminal prosecution, conducted by them.

How is this difference to be accounted for? Did the Legislature intend to prohibit the less evil and permit the greater? Or did they intend to restrict the judges of the higher courts, and rely, in the same particular, upon the discretion of inferior magistrates? The situation of a grand juror, prosecuting before a single magistrate, is precisely the same with that of a State's attorney, prosecuting before another court. The latter is forbidden even to take a fee, as counsel, in a civil cause having a common origin with a criminal prosecution conducted by him. Shall the former be at liberty to act, not merely as counsel, but as judge in a similar case?

Here is an apparent inconsistency, which can be accounted for, only upon the supposition, that the legislature did not anticipate a case like this. A literal construction of these statutes results in an inconsistency too glaring to be adopted. We consider this case as within the spirit of these statutes, and are, therefore, of opinion, that the suit was properly dismissed. A consideration of the consequences, which might follow from countenancing such a proceedure, impels us to this conclusion. If we hold the magistrate to be competent, in this instance, we authorize a party in a justice's court to withdraw his action, if he find his success doubtful, and renew it before his own counsel.

Judgment Affirmed.